19221

Virginia R. PRENTISS, Appellant, v. NATIONWIDE MUTUAL
INSURANCE COMPANY, Respondent

(181 S. E. (2d) 325)

*N. H. Hamilton, Esq.,* of Summerville, *for Appellant,*

142

*A. Baron Holmes, III, Esq., Holmes & Thomson,* of Charleston, *for Respondent,*

144

*Wm. P. Baskin, Esq., Baskin & Baskin,* of Bishopville, *for National Association Independent Insurers, Amicus Curiae,*

*N. H. Hamilton, Esq.,* of Summerville, *for Appellant, in Reply,*

May 13, 1971.

Moss, Chief Justice:

Virginia R. Prentiss, the appellant herein, instituted this action against Nationwide Mutual Insurance Company, the

respondent herein, to recover damages on account of certain alleged libelous words written of and concerning her by an officer of the respondent.

Harry Charles Prentiss, Sr., the husband of the appellant, pursuant to an application, had issued to him on February 17, 1968, an automobile liability policy. The said policy covered the appellant as an additional insured. The application for said liability policy stated that the appellant was not a driver of the automobile insured thereunder and that her husband had not had an automobile accident within five years. After the issuance of the policy, the respondent following its usual procedure and in the normal course of business, had an investigation of the insured, his wife, and other parties insured under the policy, made by a reliable independent investigative agency, and a record check was made with the South Carolina State Highway Department. The Highway Department reported that the appellant's husband had had an automobile accident on January 22, 1966. The independent agency reported to the respondent that the appellant was a driver of the automobile insured and that she was mentally retarded. As a result of the aforesaid investigation and record check, the respondent cancelled the automobile liability policy, within sixty days of its issue, pursuant to the provisions of Sections 46-750.51 *et seq.*, as amended, by a letter dated March 21, 1968, and addressed to the appellant's husband, the insured. In this letter the insured was advised that under South Carolina law, Sec. 46-750.54, upon request in writing, that he was entitled to be informed as to the specific facts which caused the insurer to terminate coverage. The insured, by letter dated March 27, 1968, requested of the respondent the reasons for the cancellation of his automobile liability insurance policy. The respondent, by registered letter dated April 2, 1968, pursuant to the requirements of the statute, advised the insured of the reasons for the cancellation of his automobile liability policy, and we quote from the letter the reasons assigned:

"The application that you signed February 17, 1968, showed no accidents and no violations and that your wife was not a driver of your automobile. However, during a routine investigation that we conduct on all our policy-holders and a check with the South Carolina Highway Department, it was reported to us that you had an accident January 22, 1966, that your wife is a driver of your automobile, and that she is mentally retarded. For these reasons, your Automobile insurance coverage was terminated."

The appellant, in her complaint, alleges that by the letter of April 2, 1968, written by an officer of the respondent, that such contained false, malicious, defamatory and libelous language, by charging "that she was mentally retarded." The respondent, by its answer, alleges that the letter of April 2, 1968, was written and mailed to the husband of the appellant pursuant to the requirements of the applicable statutes and was a qualifiedly privileged communication.

This case came on for trial before The Honorable George T. Gregory, Jr., presiding judge, and a jury, at the 1970 April Term of the Court of Common Pleas for Dorchester County. At the close of the testimony in behalf of the appellant, the respondent made a motion for a nonsuit on several grounds, and such was refused. At the close of all of the testimony, the respondent made a motion for a directed verdict on the ground that the letter of April 2, 1968, was qualifiedly privileged and the appellant failed to prove express malice or malice in fact necessary to destroy such privilege. The trial judge granted the motion for a directed verdict and this appeal followed.

The question for determination is whether there was error on the part of the trial judge in directing a verdict in favor of the respondent.

It is provided in Section 46-750.53 of the Code that in every instance in which a policy or contract of automobile liability insurance is cancelled, the Insurance Company, or its duly authorized agent, shall at the written request of the

named insured, specify the reason or reasons relied upon by the Insurance Company for such cancellation. This statute then provides:

"* * * that as between the company or its agent and the named insured or any other person who customarily operates an automobile insured under the policy the reasons specified for cancellation in the notice of cancellation shall constitute a privilege communication and in an action for libel arising therefrom the defendant shall be entitled to assert the defense of qualified privilege as defined and limited by the common law of this State."

This court has defined qualified privilege as a communication made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation. The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits. *Duckworth v. First National Bank,* 254 S. C. 563, 176 S. E. (2d) 297.

The respondent being under the statutory duty to give an explanation, in response to the request by the insured, as to its reason or reasons for cancelling his policy, compliance with such request was qualifiedly privileged. The letter containing the alleged libelous statement was, pursuant to statute, a qualifiedly privileged communication, and such rebuts the inference of malice and, in order

to overcome the defense of qualified privilege, the appellant had to prove express malice or malice in fact on the part of the respondent toward her. *Cartwright v. Herald Publishing Company,* 220 S. C. 492, 68 S. E. (2d) 415.

Since qualified privilege arises by reason of the occasion of the communication, a communication which goes beyond the requirement of the occasion loses the protection of the privilege, for it lacks the requisite element of good faith. When the protection of the privilege has been thus lost, the communication falls within the rule, applicable to unprivileged communications, that the defamatory language, in itself, may warrant the inference of malice. *Cullum v. Dun & Bradstreet, Inc.,* 228 S. C. 384, 90 S. E. (2d) 370.

The occasion of the letter written by the respondent to its insured being a qualifiedly privileged one, there remains for consideration the question of whether there was any evidence from which a jury might reasonably infer malice and loss of the protective privilege.

The policy of automobile liability insurance issued to the husband of the appellant covered him and any resident of the same household and any person using and operating the described automobile with the permission of the named insured, or his spouse. It thus appears that the appellant was an insured under the policy issued, and even though she never drove the insured automobile she admitted that her husband's uncle, who lives with them, drives her wherever she wishes to go.

At the time of the trial the appellant was forty-one years of age and had been an epileptic since she was ten or eleven years old. She testified that she had been a patient at the Medical College Hospital in Charleston, South Carolina, and also a patient in the South Carolina State Hospital in Columbia, South Carolina, and had been treated for her epileptic condition by numerous physicians. She further testified that she did not know any of the agents or employees of the respondent who had any connection with the cancella-

tion of her husband's policy or the writing of the letter with reference thereto and knew of no reason why any of them would have any animosity, ill-will or malice towards her. The husband of the appellant gave similar testimony.

We have carefully examined the record in this case for any evidence that the respondent was actuated by ill-will or malice in making the communication here involved. There is no evidence of probative value on this issue. The circumstances under which this letter was written was clearly one of qualified privilege, and was unaccompanied by any circumstances tending to show a malicious intent to injure the appellant.

There is no evidence in this record sufficient to support a finding of the existence of actual or express malice, or the abuse of the qualified privilege, hence it was the duty of the trial judge to rule, as a matter of law, that there was no liability on the part of the respondent to the appellant. In directing a verdict for the respondent, the trial judge committed no error.

We have considered the other questions posed by the appellant and find them to be without merit.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.