21464

James C. WHITE, Appellant, v. Lucius S. FOWLER and B & F Roofing Company, Inc., Respondents.

(278 S. E. (2d) 777)

*Foster, Covington & Patrick,* Greenville, *for appellant.*
*Leatherwood, Walker,. Todd & Mann,* Greenville, *for respondents.*

May 26, 1981.

GREGORY, Justice:

This appeal is from a jury verdict for respondents in an action by appellant for personal injuries sustained in an automobile collision. We reverse and remand for a new trial.

Appellant White was a passenger in a Volkswagen driven by his son when respondent Fowler, driving a truck owned by respondent B & F Roofing Co., Inc., crossed the center line, entered appellant's lane and struck the Volkswagen, injuring appellant.

Appellant first assigns error to the trial judge's charge to the jury. The trial judge included in his charge, at the request of respondents' counsel, an instruction on the law of unavoidable accident to which appellant objected as irrelevant and prejudicial. The jury found for the respondents, stating as its reason: "We find accident unavoidable."

This Court has held it is reversible error to charge a correct principle of law as governing a case where such principle is inapplicable to the issues on trial. *Dunsil v. Jones Chevrolet Co., Inc.,* 268 S. C. 291, 233 S. E. (2d) 101 (1977). Thus, it is error to instruct on unavoidable accident in automobile collision cases unless the evidence raises a genuine issue upon that question. *Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977); *Collins v. Thomas,* 244 S. C. 128, 135 S. E. (2d) 754 (1964). And such an instruction "is inappropriate where the evidence shows clearly that the accident was caused or contributed to by the negligence of one or more of the parties." *Tucker v. Reynolds, supra; Collins v. Thomas, supra.*

After a thorough review of the evidence, we conclude an instruction on unavoidable accident was not warranted. Respondent Fowler testified he had traveled this road on several occasions before the accident and knew it was a "curvy" and "bad" road. He also knew it had been raining and the road was wet. He said he had no idea how fast he was going, "but it wasn't too fast." His only explanation of the accident was that when he saw appellant's car, traveling in its proper lane, he applied brakes as he went into a curve and that caused him to skid across the center line. He stated he had "lost complete control as far as guiding the car and went in a straight line across here, and there was no way we could miss."

Respondents' answer pled a qualified general denial only, and as such, contributory negligence or third party negli-

gence were not issues at trial. When considered in the light most favorable to respondents, the only reasonable inference which can be drawn from the evidence is that the collision was caused by their actionable negligence and thus avoidable. Hence, the charge on unavoidable accident was irrelevant and prejudicial and requires reversal.

For the purposes of this appeal the parties stipulated appellant incurred actual damages as a proximate result of the accident. Additionally, respondents conceded in oral argument if the charge on unavoidable accident was not warranted, and we agree it was not, the trial judge should have granted appellant's timely motion for a directed verdict on the issue of liability.

We hold it was error for the trial judge not to direct a verdict for appellant on the issue of liability and submit only the issue of damages to the jury. Accordingly, the case is reversed and remanded for a new trial solely on the issue of damages. See *Industrial Welding Supplies, Inc., v. Atlas Vending Co., Inc.,* S. C., 277 S. E. (2d) 885, 1981.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.