21560

W. McGill WOODWARD, M. D., Respondent, v. SOUTH CAROLINA FARM BUREAU INSURANCE COMPANY, Appellant.

(282 S. E. (2d) 599)

*Elliott T. Halio* of *Halio & Fogleman,* Charleston, and *Robert J. Thomas* of *Tompkins, McMaster & Thomas,* Columbia, *for appellant.*

*Thomas S. Tisdale, Jr.* of *Young, Clement & Rivers,* Charleston, *for respondent.*

September 14, 1981.

HARWELL, Justice:

South Carolina Farm Bureau Insurance Company appeals a verdict against it in a libel and slander action instituted by respondent W. McGill Woodward. Farm Bureau alleges that the trial judge erred by finding the communications libelous and slanderous *per se* and not protected by privilege; failure to submit the issue of liability to the jury is assigned as error. Farm Bureau also contends that the admission of

certain matter as competent evidence was erroneous and prejudicial. While we find no error in the trial judge's handling of the broader issue of liability, we find that the admission of the contested letter was erroneous and prejudicial. We therefore reverse and remand the matter for a redetermination of the issue of damages.

The communications in dispute arose out of negotiations incident to the attempted settlement of a personal injury claim. The claimant had been involved in an automobile accident with another motorist who was insured by Farm Bureau. The claimant was referred to Woodward for medical evaluation and treatment. Woodward practices a "subspecialty" in the area of medical evaluations.

The claimant looked to Farm Bureau for compensation for the damages allegedly suffered. In due course, his attorney wrote Farm Bureau's claims representative, C. Russell Jernigan, advising of the nature and extent of treatments rendered by Woodward and seeking an amicable settlement of the claim. In due time, Jernigan responded to the attorney, both orally over the telephone to a legal assistant and in writing directly to the attorney. Jernigan's letter contains his assessment of the claim as well as the following statement which was also in substance orally made:

"I have reviewed Dr. Woodward's medical report as well as the numerous traction treatments which he has administered to your client and quite frankly, these do not impress me very much to say the least. In all fairness to Dr. Woodward, I think it is the consensus of opinion that he quite often overtreats his patients and therefore I do not feel that this is any real indication of the severity of Mr. Surrell's injury."
After some deliberation, the claimant's attorney discussed the allegations with Woodward. Woodward then brought this action for defamation.

These words, not proven by the first party, were spoken orally and were delivered in writing to a third party; we agree with the trial judge that they are libelous and slanderous *per se* since the professional integrity of the plaintiff has been directly and unfairly impugned.

*Capps v. Watts,* 271 S. C. 276, 246 S. E. (2d) 606 (1978); *Holmes v. Curtis Publishing Company,* 303 F. Supp. 522 (1969). The real issues here are whether a privilege attaches in these circumstances and, if so, whether these communications were privileged.

We believe that pre-trial settlement negotiations of legal claims give rise to occasions of qualified or conditional privilege when each side discloses its reasons for the relative positions taken. As with all matters of qualified privilege, these communications must be reasonably related to the issue at hand which is of common interest to the parties. The publisher must take care not to wander beyond the scope of the occasion nor communicate in a manner which is likely to be intercepted by third parties. In other words, the statements though not straitjacketed must be reasonably tailored so as to relate only to the legitimate issues before the parties. *Prentiss v. Nationwide Mutual Insurance Company,* 256 S. C. 141, 181 S. E. (2d) 325 (1971). In *Fulton v. Atlantic Coast Line Railroad Company,* 220 S. C. 287, 297, 67 S. E. (2d) 425, 429 (1951) this Court stated:

"The privilege does not protect any unnecessary defamation. In order for a communication to be privileged, the person making it must be careful to go no further than his interests or his duties require.

"Where the person exceeds his privilege and the communication complained of goes beyond what the occasion demands that he should publish, and is unnecessarily defamatory of plaintiff, he will not be protected. And the fact that a duty, a common interest, or a confidential relation existed to a limited degree, is not a defense, even though he acted in good faith."

While abuse of the conditional privilege is ordinarily an issue reserved for the jury, *Davis v. Niederhof,* 246 S. C. 192, 143 S. E. (2d) 367 (1965); *Fulton v. Atlantic Coast Line Railroad Company, supra,* in the absence of a controversy as to the facts, as here, it is for the court to say in a given instance whether or not the privilege has been

abused or exceeded. 53 C. J. S. *Libel and Slander* § 228, p. 347 (1948).

In this case, Jernigan gratuitously volunteered that ■ Woodward "often overtreats his patients" so that any medical aid rendered would not give "any real indication" of the severity of the injuries sustained. The statement was obviously unnecessary for the furtherance of the settlement process and clearly went far afield the legitimate issue then before the parties in the injury settlement negotiations. We therefore must sustain the action of the trial judge in ruling as a matter of law that while settlement of a legal dispute gives rise to occasions of qualified privilege, Farm Bureau's representative abused the conditional privilege in this case since he unnecessarily defamed Dr. Woodward's professional ethics and competency. As such, no issue, save damages, remained for the jury's consideration.

Although we find no error in the trial judge's rulings ■ which establish liability, we nonetheless find that we must remand the matter for a new trial on the issue of damages, a procedure recently approved by this Court. *Industrial Welding Supplies, Inc. v. Atlas Vending Company,* S. C., 277 S. E. (2d) 885 (1981); *White v. Fowler,* S. C., 278. S. E. (2d) 777 (1981).

During the course of the trial, Woodward's trial counsel attempted to introduce into evidence a letter written by Woodward to the injured claimant's attorney This attorney had expressed concern over the reliability of Woodward's diagnosis and treatments. The letter counsel sought to admit was Woodward's response to the attorney's correspondence.

Initially, the trial judge refused admission of Woodward's letter, ruling that it was unnecessary since Woodward was there to testify. Later in the trial during redirect examination, the letter was admitted into evidence as follows:

"Q. Dr. Woodward, this letter that had been marked Plaintiff's Exhibit 4 for identification, can you tell me whether that is a letter you wrote to Mr. Chalmers after having been advised of Mr. Jernigan's charges against you about your treatments of Mr. Surrell?

"A. Yes, sir. It is.

"Q. And is that letter a true and correct statement of your treatments of Mr. Surrell?

"A. It is.

"Mr. Tisdale: Your, I believe you ruled this irrelevant before. I wish to introduce it now into evidence.

"The Court: Mr. Halio?

"Mr. Halio: Yes, sir. I object to it again on the same grounds. (Self-serving statement).

"The Court: Objection overruled. You may offer it now as Plaintiff's Exhibit 4, Mr. Tisdale."

Farm Bureau contends on appeal that the trial judge erred by finally admitting the letter. We agree.

While the letter does contain language relating to Woodward's alleged treatments of Surrell it also contains much language which is self-serving and irrelevant. Woodward writes that he "is shocked" at having his professionally ability questioned by a layman; he does not believe his treatments should have caused criticism; he asserts that Jernigan "has impugned the intelligence of a jury"; he speculates that Jernigan's letter "was considerably more than a 'cheap shot' " in an effort to deny Surrell the setlement his attorney felt was reasonable; he concludes that Jernigan's accusations are outrageous and without foundation and that he will seek advice for recovering a "proper restitution". Self-serving declarations such as these are clearly inadmissible. Funderburk v. *Sovereign Camp, W. O. W.*, 179 S. C. 80, 183 S. E. 462 (1936); *Leesville Manufacturing Company v. Morgan Iron and Wood Works*, 75 S. C. 342, 55 S. E. 768 (1906).

The respondent citing *Long v. Conroy*, 246 S. C. 225, 143 S. E. (2d) 459 (1965) urges that any error in admitting the letter was harmless since the contents of the letter were allegedly merely cumulative of other evidence. We cannot agree. In *Long v. Conroy, supra,* the letter was indeed merely a concise factual statement repeating facts already in evidence. The contents of the letter at bar, however, go far beyond the stated purpose of demonstrating treatments and are, *inter alia,*

an argumentative presentaion of the writer's rights and the alleged damages he suffered. Admission of this letter was prejudicial error and mandates a retrial of the damages issue.

Remanded for a new trial on the damages issue.

LITTLEJOHN and GREGORY, JJ., concur.

LEWIS, C. J., and NESS, J., concur and dissent.

NESS, Justice (dissenting and concurring):

I concur and dissent with the majority opinion.

I would affirm holding the admissibility of the letter was merely cumulative to other evidence received in the testimony and if error, was harmless. *Long v. Conroy,* 246 S. C. 225, 143 S. E. (2d) 459 (1965).

Affirmed.

LEWIS, C. J., concurs.