0861

Charles DAVIE, Hider Davie, Alice Davie, Gloria Davie Wooden, James Harris, William Harris, Robert Harris, Edith Harris English, Lillian B. Harris, John Harris, Jr., Kenneth Harris, Candice Harris, and Sally Walker, Appellants v. Marion ATKINSON, individually and as Administrator of the Estate of Thomas Atkinson, Mae Joyce Atkinson, as Administratrix of the Estate of David Atkinson, Thomasena A. Saxton, Vermelle Keith, Harriet Alston, Sylvia Louise Loney, Wilhelmena Dean, Hallie Singleton, George Kershaw, and Leola Mopin, Respondents.

(352 S. E. (2d) 517)

Court of Appeals

*Steven D. Dennis* of *Law Offices* of *Holler, Dennis & Olive,* Columbia, *for appellant.*

*Edward V. Atkinson* and *Andrea Toney* of *Atkinson, Davis & Newman,* Sumter, *for respondents.*

Heard Dec. 10, 1986.

Decided Jan. 12, 1987.

CURETON, Judge:

This action was commenced by the Davie heirs to impress a constructive trust upon certain real property owned by the Atkinson heirs. The parties had agreed at a pre-trial conference that certain testimony of Hider Davie, one of the plaintiffs to the action, was essential to establishing the trust relationship with the Atkinson heirs' deceased ancestor. At trial, the judge ruled that this testimony was barred by the Dead Man's Statute, and granted a Motion for Involuntary Nonsuit. The Davie heirs appeal. We affirm.

The parties to this action have a common ancestor, Thomas Wells, who devised a tract of 468 acres to his three daughters, Thomasena Wells White, Sallie Wells Davie, and Harriet Wells Atkinson. The Davie heirs are descendants of Sallie Wells Davie, while the Atkinson heirs are descended from Harriet Atkinson. Sallie Davie devised her 156 acre tract of land to her four children following her death around 1907. After Sallie Davie's death, Harriet Atkinson reared the four Davie children.

The history subsequent to this event is disputed. The Davies claim Thomas Atkinson continued to farm this 156 acres pursuant to verbal agreements that he manage the land, take all profits from the land, and pay all taxes, maintenance and upkeep on the land, while title to the land remained with Davies. In any event, Thomas Atkinson obtained title to the land by purchase at a tax sale on January 16, 1939.

The Davie heirs commenced this action in August 1980 for an accounting for rents and profits, actual and punitive damages, attorney fees and costs, ejectment, and to impress a constructive trust on the property. Following an appeal on a procedural issue in *Davie v. Atkinson,* 281 S. C. 102, 313. S. E. (2d) 648 (Ct. App. 1984), the Atkinson heirs filed an amended answer alleging the statute of limitations, the Dead Man's Statute, res judicata, waiver and estoppel, ad-

verse possession and a general denial. The Davie heirs subsequently amended their complaint to substitute Sally Walker for her father, Hider Davie. The court refused, however, to allow Hider Davie to withdraw as a party, ruling that the issue of his status as a party should be determined at the time of the trial.

The parties agreed at a pre-trial conference that certain testimony of Hider Davie was essential to establishing the trust relationship with the Atkinson heirs' decedent, Thomas Atkinson. The parties agreed that without this essential testimony the trust, together with all other causes of action, could not be established. Therefore, it was stipulated that if the judge ruled this testimony inadmissible under the Dead Man's Statute, no further testimony would be necessary.

At trial, on August 5, 1985, the Davie heirs offered into evidence a quit claim deed dated October 30, 1984 by which Hider Davie deeded his interest in the subject property to his daughter, Sally Walker. Because Mr. Davie, who resides in Florida, was to ill to attend the trial, his previously taken deposition was offered into evidence. The Atkinson heirs objected to its use on the basis of the applicability of the Dead Man's Statute. They contended that Mr. Davie has a continuing interest in the case. The judge allowed the deposition to be entered into the record, but precluded its use as evidence because of the Dead Man's Statute. The Atkinson heirs' motion for an involuntary nonsuit was granted.

The Davie heirs argue on appeal that Hider Davie's action of executing a quit claim deed extinguished his interest in the tract of land in question such as to place him within the exception to the Dead Man's Statute recognized in *Long v. Conroy*, 246 S. C. 225, 143 S. E. (2d) 459 (1965). We disagree.

The Dead Man's Statute, Section 19-11-20, Code of Laws of South Carolina, 1976, excludes testimony by a witness belonging to one or more of the following classes: 1) a party to the action or proceeding; 2) a person with a legal or equitable interest which may be affected by the action or proceeding; 3) a person who has had such an interest, but which has been in any manner transferred to, or has in any manner come to, a party to the action or proceeding; or 4) any assignor of anything in controversy in the action. *See, Long*

*v Conroy, supra; Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797 (1896). To be excluded, however, the testimony must fall into all three of the following categories: 1) testimony in regard to any transaction or communication between the witness and a person deceased, insane or lunatic; 2) testimony against a party prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or as assignee or committee of such insane person or lunatic; and 3) when the present or previous interest of the witness may in any manner be affected by the testimony or by the event of the trial. *Id.*

*Long v. Conroy, supra,* set forth the exception to this statute argued by the Davie heirs. In *Long,* the witness, J. C. Long, had been appointed executor under the will of Vincent Chicco. The case was instituted by Long against the widow of Vincent Chicco concerning ownership of certain United States Government Bonds. After the suit was instituted, Mrs. Chicco died and the executors of her estate were substituted as parties defendant. At the trial of the case, Long, an executor and party plaintiff, sought to testify as to certain transactions and communications with Mr. and Mrs. Chicco. His testimony was essential to the case. Mrs. Chicco's executors objected to this testimony on the basis of the Dead Man's Statute. When Long was sworn as a witness, a disclaimer signed by him was admitted into evidence. Under the disclaimer, he renounced "any additional commissions as executor to which I may become entitled if it should be adjudged that the Estate of Vincent Chicco is entitled to a recovery in the above entitled action." The lower court permitted Long to testify.

The Supreme Court, in its analysis of these facts under the Statute, found that Long's testimony fell within all the disqualifying classes of witnesses and the first two categories of testimony under *Long* and should be excluded "unless a disclaimer filed by the witness eliminates any present or previous interest of his that can be affected by the litigation." The Court held that the disclaimer effectively and irrevocably extinguished any claim of the witness to executor's commissions to which he might be entitled for the handling of the property involved in the litigation. Since

there remained no interest of the witness in the matters involved which would disqualify him as a witness in this case, the Court held the lower court properly permitted Long to testify.

Davie argues he complied with this court-created exception to the Statute by releasing his interest in good faith by executing a quit claim deed to his portion of the subject properly to his daughter. The judge found Hider Davie fell within each of the four disqualifying classes of witnesses under *Long.* He also found: 1) Davie's testimony was about a transaction with the deceased; 2) the testimony was offered against personal representatives or survivors of the deceased; and 3) that Davie had a present or previous interest to be affected by the outcome. We agree. Davie's action in deeding the property to his daughter failed to extinguish his interest in the case. Unlike the situation in *Long,* where executor's commission was extinguished, and therefore his past and future interests would not be affected by his testimony, Davie's interest is still in being and is now being held by his daughter. As the Atkinson heirs noted, Davie could potentially be a statutory or testamentary heir of his daughter if she predeceased him. Moreover, nothing prevented his daughter from reconveying the property to him when the case concluded. The property he deeded to her would have no value unless their lawsuit succeeded. His testimony would, therefore, affect the previous interest that he held and is inadmissible.

For the reasons stated above, the judgment of the trial court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.