2236

Kimberly RAMOS, Appellant v. Victoria B. HAWLEY, Respondent.

(451 S.E. (2d) 27)

Court of Appeals

*James H. Moss* and *H. Fred Kuhn, Jr.,* both of *Moss & Kuhn,* Beaufort, *for appellant.*

*Stephen P. Hughes,* of *Howell, Gibson & Hughes,* Beaufort, *for respondent.*

Submitted Sept. 7, 1994.

Decided Oct. 10, 1994.

HOWARD, Acting Judge:

In this accident case, appellant, Kimberly Ramos, objects to the trial court's denial of her motion for a new trial where photographs with explanatory notations on the reverse sides were offered into evidence. We affirm.[1]

This case arises out of an automobile accident in March 1992. The accident occurred at or near a point at which a single westbound lane widens into three westbound lanes. At trial, Ramos testified that at this point, she drove her vehicle into the left-most lane with her left turn signal on, intending to make a left turn at the upcoming intersection. She claimed the respondent, Victoria Hawley, suddenly cut in front of her to make a U-turn, causing Ramos to hit Hawley's vehicle on the rear panel. Hawley, however, testified she also intended to make a left turn, but as she entered the left-most lane at the point where the single lane widens into three lanes, she was struck from behind by Ramos.

During cross-examination of Ramos, Hawley questioned Ramos about whether she crossed the solid double yellow lines which mark off the median area. Hawley introduced two photographs of the scene into evidence without objection. These photos contained notations on the back written by Hawley's husband pointing out items in the photo which, in his opinion, indicated that Ramos had crossed the solid double

---

[1] We decide this case without oral argument because we have determined that oral argument would not aid this court in its decision.

yellow lines. Hawley's husband was not a witness to the accident.

The jury returned a verdict for Hawley. Following the verdict, Ramos noticed the writing on the back of the photographs and moved for a new trial. The trial judge denied the motion, stating, "[T]he admission of improper evidence is harmless where it is merely cumulative to other evidence." Ramos argues the comments on the photographs were not cumulative, but they were inadmissible and so prejudicial as to warrant a new trial.

We first note that Ramos did not object to the introduction of the photographs at the time they were offered. She argues that Hawley only furnished copies of the front of the photographs in discovery, which did not show the notations. Ramos assumed that the photographs were the same as the copies when they were introduced into evidence, and therefore, did not look at the reverse sides.

This misplaced assumption does not afford Ramos a basis for relief. Proper trial procedure for the introduction of evidence requires that opposing counsel be given a reasonable opportunity to inspect the proposed evidence before it is accepted by the court. This opportunity allows counsel to determine whether an objection is proper. The effect of counsel assuming the condition of the photographs, without inspection, effectively shifts the burden to the adversary to point out what appeared on the photographs and what legal conclusions should be drawn as to their admissibility. Fundamental principles of trial advocacy dictate that inspection be made by counsel having the obligation to object, with no legal right to rely upon an adversary to make determinations of admissibility.

Because Ramos failed to object to the admission of the photographs into evidence at the time they were offered, she has waived the right to object on appeal. *E.g., Cogdill v. Watson*, 289 S.C. 531, 347 S.E. (2d) 126 (Ct. App. 1986).

Even if the error was preserved, the evidence is cumulative. The notations related to the point of impact between the vehicles and the skid marks apparently left by Ramos' vehicle. Ramos herself testified her vehicle left the skid marks depicted in the photographs and that those skid

marks ended at the point of impact. Further, Hawley testified without objection that the photographs showed skid marks left by Ramos' vehicle. This independent testimony establishes the skid marks were left by Ramos' vehicle and that the point of impact occurred where the skid marks ended. The notations contain the exact same information. Therefore, as a settled principle of law, the admission of improper evidence is harmless where it is merely cumulative of other evidence. *E.g., Long v. Conroy*, 246 S.C. 225, 143 S.E. (2d) 459 (1965).

Accordingly, the appealed order is

Affirmed.

SHAW and GOOLSBY, JJ., concur.