**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alexander Matthews, Appellant.

Appellate Case No. 2018-000170

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-180
Submitted May 8, 2020 – Filed June 10, 2020

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Barry Joe Barnette,
of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Alexander Matthews appeals his convictions for voluntary manslaughter and third-degree arson and his sentence of twenty-five years'

imprisonment. On appeal, Matthews argues the trial court erred by admitting testimony about an unrelated incident pursuant to Rule 404, SCRE. We affirm.[1]

At trial, Matthews objected when a witness, his ex-girlfriend, began to testify about the circumstances under which he moved out of her residence. The trial court overruled the objection, stating it would "let her answer for the limited purpose of their relationship." The witness explained Matthews tried to start an altercation with her, threatened her, and stole her television and then broke a window when he tried to get back into the house later that day. She stated police then arrested him and took him to jail. Matthews contends the trial court erred by admitting this testimony because it was unrelated to the charges at issue in the trial, painted him in a negative light, and yielded information about his arrest, conviction, and status as an inmate at a correctional facility. However, earlier in the trial, an investigating officer testified—without objection—that Matthews was at Evans Correctional Institution when officers interviewed him about the death of the victim in this case. Additionally, Matthews elected to testify at trial and testified he previously served a prison sentence for killing a man who had assaulted his wife.

Because the trial court admitted the challenged testimony for the "limited purpose of their relationship," we find the trial court did not abuse its discretion in admitting the testimony. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). Further, because Matthews was tried before a judge without a jury and the testimony about his incarceration was cumulative to earlier testimony offered without objection, we find any error in admitting the challenged testimony could not reasonably have contributed to the verdict. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice."); *id.* ("Prejudice occurs when there is [a] reasonable probability the wrongly admitted evidence influenced the . . . verdict."); *State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011) ("[A]ny assessment of prejudice to [the defendant] must be viewed from the posture of a bench trial as opposed to a jury trial. It is well-established that it is a near insurmountable burden for a defendant to prove prejudice in the context of a bench trial as a judge is presumed to disregard prejudicial or inadmissible evidence."); *Ramos v. Hawley*,

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

316 S.C. 534, 537, 451 S.E.2d 27, 28 (Ct. App. 1994) ("[A]s a settled principle of law, the admission of improper evidence is harmless whe[n] it is merely cumulative of other evidence.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**