**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin L. Paul, Appellant,

v.

Walmart Stores East, L.P.; Wal-Mart Supercenter, d/b/a Wal-Mart Store #1339; and Richland County Sheriff's Office, Defendants,

Of Which Richland County Sheriff's Office is the Respondent.

Appellate Case No. 2020-000550

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2023-UP-203
Heard April 10, 2023 – Filed May 24, 2023

**AFFIRMED**

Patrick James McLaughlin, of Wukela Law Office, of Florence, for Appellant.

Robert David Garfield, of Crowe LaFave, LLC, and Andrew F. Lindemann, of Lindemann Law Firm, P.A., both of Columbia, for Respondent.

**PER CURIAM:** Kevin L. Paul (Appellant) appeals the circuit court's grant of summary judgment to Richland County Sheriff's Office (the Sheriff's Office) on his malicious prosecution, defamation per se, and gross negligence causes of action arising out of his brother's arrest for shoplifting while identifying himself as Appellant. Appellant contends the circuit court erred in (1) finding any damages sustained arose as a result of the criminal activities of a third party, (2) finding the Sheriff's Office was entitled to absolute immunity because its actions were judicial or quasi-judicial in nature, (3) failing to find the Sheriff's Office voluntarily assumed a duty to perform certain acts with due care, and (4) relying on an erroneous finding of fact. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Walterboro Cmty. Hosp. v. Meacher*, 392 S.C. 479, 489, 709 S.E.2d 71, 76 (Ct. App. 2011) ("[W]e can affirm for any reason appearing . . . in the record."); *Flateau v. Harrelson*, 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct. App. 2003) ("The [South Carolina] Torts Claims Act[1] (TCA)] governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity . . . ."); *Sabb v. S.C. State Univ.*, 350 S.C. 416, 428, 567 S.E.2d 231, 237 (2002) (providing "[t]he [TCA] waives immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties" with some exceptions); *Hawkins v. City of Greenville*, 358 S.C. 280, 292, 594 S.E.2d 557, 563 (Ct. App. 2004) ("The provisions of the [TCA] establishing limitations on and exemptions to the liability of the State, its political subdivisions, and employees, while acting within the scope of official duty, must be liberally construed in favor of limiting liability of the State."); *id.* at 293, 594 S.E.2d at 564 ("The Plaintiff must present evidence of the governmental entity's duty to act in order to recover under the [TCA]."); *id.* ("The [TCA] is a limited waiver of governmental immunity. Section 15-78-60 sets out [forty] 'exceptions' to this waiver of sovereign immunity. These exceptions significantly limit the tort liability of government entities." (citation omitted)); S.C. Code Ann. § 15-78-60 (providing exceptions to the waiver of immunity for "(1) legislative, judicial, or quasi-judicial action or inaction; (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature; . . . (4) adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies; (5) the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee; . . . (17) employee conduct

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2022).

outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude; . . . (20) an act or omission of a person other than an employee including but not limited to the criminal actions of third persons; [and] . . . (23) institution or prosecution of any judicial or administrative proceeding"); S.C. Code Ann. § 16-17-725(A) to (B) (2015) ("It is unlawful for a person to knowingly make a false complaint to a law enforcement officer concerning the alleged commission of a crime by another . . . . It is unlawful for a person to misrepresent his identification to a law enforcement officer . . . for the purpose of avoiding arrest or criminal charges."); *Faile v. S.C. Dep't of Juv. Just.*, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002) ("In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff."); *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 114, 512 S.E.2d 510, 519 (Ct. App. 1998) ("In a negligence action, the determination of whether a party has a duty to exercise reasonable care for the benefit of another is a question of law for the court."); *Platt v. CSX Transp., Inc.*, 388 S.C. 441, 446, 697 S.E.2d 575, 577 (2010) ("Under the public duty rule, public officials are not liable to individuals of the public for negligence in discharging their statutory obligations."); *Faile*, 350 S.C. at 324, 566 S.E.2d at 540 ("In addition to the judicial immunity under the [TCA], common law judicial immunity was expressly preserved in South Carolina under the [TCA]."); *Hendricks v. Clemson Univ.*, 353 S.C. 449, 456-57, 578 S.E.2d 711, 714 (2003) ("An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance.  Ordinarily, the common law imposes no duty on a person to act.  Where an act is voluntarily undertaken, however, the actor assumes the duty to use due care." (citation omitted)); *Wyatt v. Fowler*, 326 S.C. 97, 101, 484 S.E.2d 590, 592 (1997) ("[T]he [S]tate does not owe its citizens a duty of care to proceed without error when it brings legal action against them."); *Williams v. Condon*, 347 S.C. 227, 249, 553 S.E.2d 496, 508 (Ct. App. 2001) ("The duties of a prosecutor fall into the exceptions enumerated by . . . [section] 15-78-60. . . .  [A] prosecutor's typical duties are 'judicial' or 'quasi-judicial' in nature."); *Broyhill v. Resol. Mgmt. Consultants, Inc.*, 401 S.C. 466, 473, 736 S.E.2d 867, 870 (Ct. App. 2012) ("[I]n a malicious prosecution action, the plaintiff must prove . . . the institution or continuation of original judicial proceedings . . . [and] malice in instituting such proceedings . . . ."); *Boone v. Sunbelt Newspapers, Inc.*, 347 S.C. 571, 580, 556 S.E.2d 732, 737 (Ct. App. 2001) (providing the tort of defamation allows plaintiffs to recover for injuries to their reputations as the result of defendants' communications to others of falsities regarding the plaintiffs); *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006) (stating a person alleging a cause of action for defamation "must show (1) a false and defamatory

statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication"); *id.* ("A defamation action is analyzed primarily under the common law in cases in which the plaintiff is a private figure. A statement is classified as defamatory *per se* when the meaning or message is obvious on its face."); *Kunst v. Loree*, 424 S.C. 24, 39, 817 S.E.2d 295, 302 (Ct. App. 2018) ("Slander is actionable per se when the defendant's alleged defamatory statements charge the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession." (quoting *Goodwin v. Kennedy*, 347 S.C. 30, 36, 552 S.E.2d 319, 322-23 (Ct. App. 2001))); *id.* at 39, 817 S.E.2d at 303 ("[S]tatements alleging the commission of a crime, such as theft, are actionable per se."); *id.* at 39, 817 S.E.2d at 302-03 ("When a defamatory statement is actionable per se, . . . the defendant is presumed to have acted with common law malice."); *Erickson*, 368 S.C. at 465, 629 S.E.2d at 664 ("The determination of whether or not a statement is actionable *per se* is a matter of law for the court to resolve."); *id.* at 466, 629 S.E.2d at 665 ("Common law malice means the defendant acted with ill will toward the plaintiff, or acted recklessly or wantonly, *i.e.,* with conscious indifference of the plaintiff's rights."); *Murray v. Holnam, Inc.*, 344 S.C. 129, 142, 542 S.E.2d 743, 750 (Ct. App. 2001) ("[E]ven if the slander is actionable per se, if the communication is privileged, the plaintiff must prove actual malice."); *Constant v. Spartanburg Steel Prods., Inc.*, 316 S.C. 86, 89, 447 S.E.2d 194, 196 (1994) ("A communication made in good faith on any subject matter in which the person communicating has an interest or duty is qualifiedly privileged if made to a person with a corresponding interest or duty even though it contains matter which, without this privilege, would be actionable."); *Cullum v. Dun & Bradstreet, Inc.*, 228 S.C. 384, 388, 90 S.E.2d 370, 372 (1955) ("A communication thus qualifiedly privileged is not actionable, even though it contain[s] a charge of [a] crime, unless malice in fact be shown."); *id.* at 389, 90 S.E.2d at 372 ("[A] communication which goes beyond the requirement of the occasion loses the protection of the privilege . . . . When the protection of the privilege has been thus lost, the communication falls within the rule, applicable to unprivileged communications, that the defamatory language, in itself, may warrant the inference of malice."); *Murray*, 344 S.C. at 140, 542 S.E.2d at 749 ("In general, the question whether an occasion gives rise to a qualified or conditional privilege is one of law for the court. However, the question whether the privilege has been abused is one for the jury." (citation omitted)); *id.* ("Factual inquiries, such as whether the defendants acted in good faith in making the statement, whether the scope of the statement was properly limited in its scope, and whether the statement was sent only to the

proper parties, are generally left in the hands of the jury to determine whether the privilege was abused."); *Woodward v. S.C. Farm Bureau Ins. Co.*, 277 S.C. 29, 32-33, 282 S.E.2d 599, 601 (1981) ("While abuse of the conditional privilege is ordinarily an issue reserved for the jury, in the absence of a controversy as to the facts, . . . it is for the court to say in a given instance whether or not the privilege has been abused or exceeded." (citations omitted)).

**AFFIRMED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**