## 20871

Helen LOVE, as Administratrix of the Estate of Curtis Love, Appellant, v. Johnny OSWALD and the Twin City Lumber Co., Inc., Respondents.

(251 S. E. (2d) 766)

*Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellant.*

*John Earl Duncan,* Lexington, and *Rogers McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondents.*

February 1, 1979.

NESS, Justice:

This suit for wrongful death was brought by the widow of Curtis Love against respondents, the Twin City Lumber Company and its employee, Johnny Oswald. Appellant Love appeals from a verdict in favor of respondents. We affirm.

Curtis Love, a truck driver for Cameron Lumber Company, was killed on the permises of Twin City Lumber Company when a number of 2 X 12 boards fell from his delivery truck. At the time of the accident, respondent Oswald was unloading the lumber with a forklift. While the bundle of 2 X 12's had been chained, it had not been secured by steel bands, as had other bundles aboard the truck. It was established at trial that it was Cameron Lumber Company's practice not to band 2 X 12 lumber.

Love's dependents were awarded workmen's compensation death benefits from Cameron and its carrier.

This action is based upon the alleged negligence and recklessness of respondents in unloading the truck. At trial, appellant's request for an instruction on the effect of contributory negligence by the decedent's employer was denied. The trial judge also denied appellant's request for a special verdict to determine whether the jury believed Cameron Lumber Company was negligent in failing to band the boards. Appellant asserts the trial court erred in both respects. We disagree.

The trial judge's charge properly instructed the jury that only Curtis Love's contributory negligence would bar his widow's recovery:

"Now by the defense of contributory negligence the defendants say this: that even though we were negligent, *the plaintiff intestate was also negligent* and the negligence of both of us combined and concurred and brought about this damage, this approximate (*sic*) cause . . . If the defendants have proved that and have made out the plea of contributory negligence, the defendants are entitled to a vredict at your hands." (Tr. p. 116) (Emphasis supplied).

Thus, the jury was instructed that only Curtis Love's contributory negligence, and not that of his employer, would be a valid defense to respondents' negligence. We believe the trial judge acted within his discretion in refusing the requested charge, and that the given charge was adequate. See *Speizman Knitting Machines Corporation v. Fretwell,* 264 S. C. 168, 213 S. E. (2d) 586 (1975).

The trial judge also acted within his discretion in denying appellant's request for a special verdict. See Code § 15-33-30 (1976); *In Re: Nightingale's Estate,* 182 S. C. 527, 189 S. E. 890 (1937); *Adams et al. v. Adams et al.,* 220 S. C. 131, 66 S. E. (2d) 809 (1951); 89 C. J. S. Trial § 429; 76 Am. Jur. (2d), Trial, § 1176.

Finally, appellant contends the trial court erred in refusing her motion for a new trial as the only reasonable inference arising from the facts is that the death of Love was proximately caused by the negligence of respondent. This is without merit. The evidence plainly raised a jury issue as to the negligence of respondents and as to whether that negligence proximately caused Love's death. See cases collected in West's S. C. Digest, Key 933(1).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.