## 22085

Gerald C. SMOAK as Executor of the Estate of Vance Hudson, Formerly Vance Hudson d/b/a Vance Hudson Logging Company and Owsley & Sons, Inc., Respondents, v. LIEBHERR-AMERICA, INC., and Lease-Afex, Inc., of whom Liebherr-America, Inc., is Appellant. Appeal of LIEBHERR-AMERICA, INC.

(315 S. E. (2d) 116)

Supreme Court

*Buist, Moore, Smythe & McGee,* Charleston, *for appellant.*

*Young, Clement, Rivers & Tisdale,* Charleston, and *Henderson & Shuford,* Charlotte, N. C., *for respondents.*

April 23, 1984.

NESS, Justice:

This is a products liability case. Essentially appellant, Liebherr-America, Inc., argues the jury's $98,000 verdict in favor of respondent, Gerald C. Smoak, *et al.,* is unsupported by the evidence contained in the record, when considered in light of the theories of recovery submitted to the jury. We disagree and affirm.

In September 1977, respondent purchased a Liebherr-America, Inc. logging machine, equipped with an optional fire suppression system manufactured by Lease-Afex, a co-defendant who is no longer a party to this action. In November 1977, after appellant's representative installed a new fuel tank and heater in the machine, respondent reported the occurrence of two minor electrical fires originating in the heater's wiring. The wiring was subsequently repaired, and respondent reported no additional problems with the machine until February 1978, when the machine was completely consumed by a fire which allegedly began in the heater area.

At trial, after receiving instructions on the theories of negligence and breach of express and implied warranties, the jury returned a $98,000 verdict against appellant.

Appellant first contends the trial court erred in refusing to submit either a special interrogatory or special verdict form to the jury. We disagree.

The determination as to whether a special verdict should be submitted to the jury is within the sound discretion of the trial judge. *Love v. Oswald,* 272 S. C. 347, 251 S. E. (2d) 766 (1979). See also S. C. Code Ann. § 15-33-30 (1976). Additionally, the record indicates the trial judge asked the respective attorneys for assistance in constructing a special verdict form to submit to the jury, but received none. We hold the trial court did not abuse his discretion in denying appellant's request.

Appellant next asserts the trial court erred in qualifying respondent's witness Smith, who testified, as an expert, as to the design defects of the fire suppression system. We disagree.

The qualification of a witness as an expert in a particular field is within the sound discretion of the trial judge. *Parks v. Morris Homes Corporation*, 245 S. C. 461, 141 S. E. (2d) 129 (1965); *Hanselmann v. McCardle*, 275 S. C. 46, 267 S. E. (2d) 531 (1978). While we hold this contention of error is inappropriate as the adequacy of the design of the fire suppression system is no longer in issue, we find Smith had, through education and experience, acquired sufficient knowledge to testify as to design defects of the fire suppression system and hold the trial judge did not abuse his discretion in qualifying him as an expert.

Alternatively, appellant claims Smith's testimony provided insufficient evidence of probative value upon which to support the jury's verdict against it, emphasizing that Smith's testimony dealt exclusively with the design, operation, and defects of co-defendant Lease-Afex's fire suppression system. This argument has no merit, as it fails to recognize that at the time Smith testified, Lease-Afex was also a defendant in this suit. It further overlooks the fact there was additional testimony in the respondent's case addressing the question of appellant's liability.

In any event, where an expert's testimony is "based upon facts ... sufficient to form a basis for an opinion ..." it is within the province of the jury to determine its probative value. *Young v. Tide Craft*, 270 S. C. 453, 468, 242 S. E. (2d) 671, 678 (1978). Our review of Smith's testimony indicates he possessed a sufficient knowledge of both the design of the fire suppression system and the facts surrounding this particular case to form the basis for an opinion. Consequently, we hold his testimony was properly admitted.

Appellant next contends the trial court erred in refusing to grant its motions for judgment N.O.V., or new trial, claiming the evidence of negligence in the record was insufficient to support the jury's verdict. We disagree, and hold that despite the presence of conflicting testimony, the record contained ample evidence of negligence to support the jury's verdict.

In *Anderson v. West*, 270 S. C. 184, 188, 241 S. E. (2d) 551, 553 (1978), we held "... [W]here a jury returns a general verdict

involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed." Having determined the verdict was supported by the evidence under the theory of negligence, we affirm.

Although appellant raises additional exceptions relating to the issue of whether there was sufficient evidence of breach of warranty in the record to support the jury's verdict, we find it unnecessary to address these issues, as even if we were to find error, the application of the "two issue rule" would require affirmance.

Affirmed.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.