## 1342

Russell O. MARSH, Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(380 S. E. (2d) 867)

Court of Appeals

*Robert A. Patterson* and *Matthew H. Henrikson,* both of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for appellant.*

*Robert E. Watson* and *John S. West,* Moncks Corner, *for respondent.*

Heard April 19, 1989.

Decided May 30, 1989.

GOOLSBY, Judge:

This case concerns the liability of South Carolina Department of Highways and Public Transportation for damages resulting from the fall of a 26-inch pine tree onto Russell O. Marsh as he drove his truck down Highway 41 in Berkeley County on July 20, 1984. The tree grew within the Department's right-of-way. The Department appeals from a $300,000 verdict returned by the jury in Marsh's favor, contending the trial court erred in not granting its motions for directed verdict, for judgment notwithstanding the verdict, and, alternatively, for new trial.

The only question properly before us concerns the sufficiency of the evidence to support the findings implicit in the jury's verdict that the Department had notice of the defec-

tive condition of the tree and of the danger the tree posed to persons and property in its vicinity.

In South Carolina, as elsewhere, a public authority, such as the Department, is liable for damages caused by the fall of a tree standing within the limits of or in close proximity to its highway, provided the public authority had notice, or in the exercise of reasonable care should have been informed, that the condition of the tree was such as to make it hazardous to persons or property in the immediate vicinity. 39 Am. Jur. (2d) *Highways, Streets, and Bridges* § 541 at 947-48 (1968); Annot., 95 A.L.R. (3d) 778 at 789-95 (1979); Annot., 14 A.L.R. (2d) 186 at 203 (1950); *see Inabinett v. State Highway Department*, 196 S. C. 117, 12 S. E. (2d) 848 (1941) (holding the Department liable for the fall of a tree that stood on private property abutting a highway).

In addressing the issue of notice, we must view the evidence and all its reasonable inferences, since this is a law case, in the light most favorable to Marsh and most strongly against the Department. This means that we must eliminate from our consideration all evidence contrary to or in conflict with the evidence favorable to Marsh and that we must give to Marsh the benefit of every reasonable inference that the facts reasonably suggest. *McVey v. Whittington*, 248 S. C. 447, 151 S. E. (2d) 92 (1966); *Collins & Sons v. Carolina Safety Systems, Inc.*, 296 S.C. 219, 371 S. E. (2d) 539 (Ct. App. 1988).

A summary of the evidence favorable to Marsh on the issue of notice follows.

The tree that injured Marsh stood close to the travelled portion of the road and leaned across it. Before the tree fell, it had leaned toward Highway 41 for at least four years. Anyone travelling Highway 41 could have seen that the tree was leaning. On Thursday, the day before the accident, the tree leaned toward the road at a 60 or 70 degree angle.

Road crews from the Department periodically cut the grass and filled in holes in the vicinity of the tree before it fell. They had been instructed almost daily by the resident maintenance engineer, who himself routinely checked the highways for dangerous trees, to inspect for disease or burn on each tree that leaned toward the highway and to remove each such tree if it endangered the travelling public.

The basal portion of the tree's trunk was decayed and manifested symptoms of severe infection by fusiform rust fungus, a tree disease characterized by a spindle-shaped swelling on the trunk or branches. The disease, which takes no expert to detect, typically causes structural weakness and, ultimately, trunk or stem breakage.

This evidence, in our view, sufficiently establishes that the Department in the exercise of reasonable care should have known of the defective condition of the tree in question and of the danger it represented to persons and property alike on Highway 41. The jury could well have concluded that prior to the tree's falling, the Department's highway maintenance personnel saw that the tree was leaning toward and across the highway but neglected to determine whether its diseased condition, which could have been discovered on inspection, was such as to make the tree hazardous to persons and property nearby.

We need not address the Department's contention concerning assumption of risk because its motion for directed verdict did not include as a specific ground therefor that Marsh assumed the risk of injury by driving down Highway 41 toward the area of the defective tree. A motion for judgment notwithstanding the verdict is limited to the grounds stated in the motion for directed verdict. S.C.R. CIV. P. 50(b); H. LIGHTSEY AND J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 377-78 (1985); see Standard Warehouse Co. v. Atlantic Coast Line R. Co., 222 S. C. 93, 71 S. E. (2d) 893 (1952) (under Circuit Court Rule 79, a motion for judgment notwithstanding the verdict was limited to grounds given as a basis for a motion for directed verdict). The same is true as to an alternative motion for new trial that simply mirrors, as does the one here, so far as we can tell, a motion for judgment notwithstanding the verdict. See Morrow v. Evans, 223 S. C. 288, 75 S. E. (2d) 598 (1953) (in an appeal from the denial by the trial court of motions for judgment non obstante veredicto and, in the alternative, for new trial, the Supreme Court, citing former Circuit Court Rule 76 and other authorities, would not consider the issue of contributory negligence of the deceased as a ground for his directed verdict motion).

Affirmed.

GARDNER and CURETON, JJ., concur.