2192

Beattie BUTLER, Respondent v. GAMMA NU CHAPTER OF SIGMA CHI and Sigma Chi General Fraternity, Greg Holowczenko, and Unnamed Members of Sigma Chi, of Whom Gamma Nu Chapter of Sigma Chi and Sigma Chi General Fraternity are Appellants.

(445 S.E. (2d) 468)

Court of Appeals

478

*Robert A. McKenzie* and *Kitrina J. Klett,* both of *McDonald, McKenzie, Fuller, Rubin & Miller,* Columbia, *for appellants.*

*Vickie L. Eslinger* and *Reginald I. Lloyd,* both of *Nexsen, Pruett, Jacobs & Pollard,* Columbia, *for respondent.*

Heard May 11, 1994.

Decided June 6, 1994; Reh. Den. July 15, 1994.

GOOLSBY, Judge:

Beattie Butler brought this action alleging causes of action for assault, battery, outrage, and civil conspiracy against Gamma Nu Chapter of Sigma Chi, Sigma Chi General Fraternity, Greg Holowczenko, and unnamed members of Sigma Chi. Butler also alleged a negligence cause of action against Gamma Nu Chapter and Sigma Chi. The jury returned a general verdict, awarding Butler $25,000 in actual damages against Holowczenko, Gamma Nu Chapter, and Sigma Chi and $5,000 in punitive damages against Gamma Nu Chapter. Gamma Nu Chapter and Sigma Chi appeal. Holowczenko, who

defaulted, does not. The issues on appeal relate to the admission of certain documentary evidence, the sufficiency of the evidence as to respondeat superior, the trial court's refusal to give the jury certain requests to charge, and the trial court's refusal to submit to the jury either a special verdict form or general verdict forms with written interrogatories. We affirm.

In 1989, Butler, then a student at the University of South Carolina, went to a party given by the Delta Upsilon Fraternity on the first floor of the McBryde Quadrangle residence hall at the university. Shortly after midnight, Butler asked a Delta Upsilon member for directions to the nearest rest room. The member directed him upstairs. Butler and his friend, Steven Scoff, went up a stairway to the next floor. Both the stairwell and most of the second floor, including the hallway and rest rooms, were areas under Gamma Nu Chapter's jurisdiction.

Holowczenko, a member of Sigma Chi, saw Butler walking down the hallway toward a rest room. He stopped Butler and told him to leave because Butler did not belong there. Butler, however, proceeded on to the rest room.

Holowczenko pursued Butler into the rest room where he attacked Butler and broke his nose. Butler followed Holowczenko out of the rest room, complaining about what Holowczenko had done. Other persons appeared and joined Holowczenko in driving Butler and Scoff into the stairwell.

While in the stairwell, someone knocked Butler to the floor. Others kicked and punched him. When Scoff intervened, Butler's assailants withdrew from the stairwell and locked the door behind them.

This action followed.

## I.

Gamma Nu Chapter and Sigma Chi first argue the trial court committed prejudicial error in admitting in evidence over their objections three letters that referred to certain prior acts committed by Holowczenko.

The first letter, dated March 21, 1989, written by Scott Smith, the Residence Hall Director for the university, and addressed to John Clardy, president of Gamma Nu Chapter, requested the fraternity to discipline two Sigma Chi members for exploding fireworks on the residence hall. The second let-

ter, dated March 24, 1989, also written by Smith, and addressed to Jerry Crotty, an employee of the Division of Student Affairs, attached a report about the fireworks incident. The letter said the incident involved Holowczenko and another member of Sigma Chi and informed Crotty that Smith had referred the matter to the judicial board of Sigma Chi, apparently for disciplinary action. The third letter, which is undated, written by Mark S. Smith, the Resident Advisor and Standards Committee Chairperson of Sigma Chi, and addressed to Scott Smith, reads in pertinent part:

> We recommend that Greg Holowczenko be removed from the [residence] hall. This is [Holowczenko's] third reported offense involving fireworks; two of which demanded the presence of both University Police and the [residence hall director]. . . . [Holowczenko's] activities on the hall in general have convinced us that he is a danger to other brothers and University property.

Butler proffered the letters in evidence through Jerry T. Brewer, the university's Director of Student Life and the letters' custodian.

The trial court admitted the letters in evidence, not for the truth of matter asserted in the letters, but only to show Gamma Nu Chapter and Sigma Chi were on notice Holowczenko had engaged in acts dangerous to others.

Gamma Nu Chapter and Sigma Chi first challenge the letters on the ground of relevancy.

The question of whether evidence is relevant is largely within the trial court's discretion. *Hankins v. Foye*, 263 S.C. 310, 210 S.E. (2d) 305 (1974). A trial court's "decision either to admit or reject evidence will not be disturbed on appeal unless there is an abuse of such discretion amounting to an error of law to the prejudice of the appellant's rights." *Crowley v. Spivey*, 285 S.C. 397, 409, 329 S.E. (2d) 774, 782 (Ct. App. 1985). For evidence to be admissible, there must be a logical or rational connection between the fact sought to be presented and a matter of fact in issue at trial. *Gause v. Livingston*, 251 S.C. 8, 159 S.E. (2d) 604 (1968). "Evidence is relevant if it tends to establish or make more or less probable some matter at issue upon which it directly or indirectly bears." *Hicks v. State*, — S.C. —, 443 S.E. (2d) 907 (1994). Any

evidence that assists the court in getting at the truth of an issue will be deemed relevant and admissible unless the evidence is incompetent because of some legal rule. *Toole v. Salter,* 249 S.C. 354, 154 S.E. (2d) 434 (1967).

A logical or rational connection exists, we think, between evidence showing a college fraternity had notice that one of its members had exploded fireworks on its residence hall and the question of whether the fraternity had notice that the member represented a danger to others who might use the residence hall. Notice by Gamma Nu Chapter and Sigma Chi of whether Holowczenko represented a danger to persons who used the areas within the jurisdiction of Sigma Chi's Gamma Nu Chapter was a "matter at issue" at trial. Because the letters tend to establish this "matter at issue," we agree with the trial court that the letters were relevant.

Gamma Nu Chapter and Sigma Chi also challenge the admission of the three letters on the ground of hearsay.

Regarding the first two letters, the Uniform Business Records as Evidence Act, S.C. Code Ann. § 19-5-510 (1985), removed hearsay as a ground to deny their admission in evidence to the extent that these letters were offered to prove the truth of the matter asserted therein. Regarding the third letter, the hearsay rule does not render it incompetent in this instance because it was not offered to prove the truth of the matter asserted but was admitted solely to prove notice. *Player v. Thompson,* 259 S.C. 600, 193 S.E. (2d) 531 (1972).

The trial court, then, did not abuse its discretion in admitting the three letters in evidence.

## II.

Gamma Nu Chapter and Sigma Chi next contend the trial court erred in refusing to direct a verdict in their favor because the evidence failed to support Butler's claims against them based upon respondeat superior. We need not, however, address this issue because unchallenged alternative findings implicit in the jury's general verdict support the judgment against them. *Stroud v. Elliott,* Op. No. 2180, ___, ___ S.E. (2d) ___, 1994 WL 182614 (S.C. Ct. App. filed May 9, 1994) (Davis Adv. Sh. No. 11 at 12); *Dwyer v. Tom Jenkins Realty, Inc.,* 289 S.C. 118, 344 S.E. (2d) 886 (Ct. App.

1986); *see Anderson v. West,* 270 S.C. 184, 241 S.E. (2d) 551 (1978) (where a case is submitted to the jury on two or more issues and a general verdict is returned, the verdict will be upheld if the verdict is supported by at least one issue).

As we noted above, Butler included a negligence cause of action against Gamma Nu Chapter and Sigma Chi. Unlike the other causes of action, this cause of action blamed Butler's in-. juries on Gamma Nu Chapter's and Sigma Chi's own negligence without regard to respondeat superior. Among other things, Butler's negligence cause of action alleged Gamma Nu Chapter and Sigma Chi negligently "retain[ed] members who had violent tendencies," "fail[ed] to . . . train their members in appropriate conduct towards strangers in the hall," and fail[ed] to provide . . . authoritative supervisory personnel . . . necessary to prevent violent occurrences . . . from happening." Gamma Nu Chapter and Sigma Chi do not question here the sufficiency of the evidence to support a verdict based on this theory of recovery.

## III.

Gamma Nu Chapter and Sigma Chi next argue the trial court committed prejudicial error in refusing to charge the jury as follows:

No. 1 College students and fraternity members are not children. Save for very few legal exceptions, they are adult citizens, ready, able, and willing to be responsible for their own actions. Colleges and fraternities are not expected to assume a role anything akin to a general insurer.

No. 2 Although fraternity members are inherently loyal to their fraternity, such loyalty is not evidence of action on behalf of the fraternity.

We agree with the trial court's ruling that the requested charges amounted to impermissible instructions to the jury on matters of fact. *See* S.C. Const. art. V, § 21 (formerly art. V, § 17) ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."). The requested charges tell the jury to make certain asssumptions about those who belong to fraternities. *See* 75A Am. Jur. (2d) *Trial* § 1204, at 694 (1991) ("[A] judge may not . . . instruct the jury in a manner which assumes the truth of facts needing to be proved.").

Although portions of the requested charges may be sound,

the trial court was not required to dissect the requested charges and give the jury the unobjectionable parts. *Edens v. Cole,* 261 S.C. 556, 201 S.E. (2d) 382 (1973).

### IV.

Finally, Gamma Nu Chapter and Sigma Chi argue the trial court erred in denying their motion to submit to the jury either a special verdict form or general verdict forms with written interrogatories.

The question of whether to grant a party's request for a special verdict form is a matter committed to the sound discretion of the trial court. Rule 49(a), SCRCP; *Gamble v. Stevenson,* 305 S.C. 104, 406 S.E. (2d) 350 (1991); *Harold Tyner Dev. Builders, Inc. v. Firstmark Dev. Corp.,* — S.C. —, 429 S.E. (2d) 819 (Ct. App. 1993). The same is true regarding the question of whether to submit to the jury written interrogatories with general verdict forms. *See* Rule 49(b), SCRCP ("The court *may* submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict."). (Emphasis added.)

We find no abuse of discretion in either case, especially since the issues here were not particularly complex or difficult.

Affirmed.

CONNOR, J., and LITTLEJOHN, Acting Judge, concur.