24115

Harold E. CONSTANT, Respondent v. SPARTANBURG STEEL PRODUCTS, INC., Appellant.

(447 S.E. (2d) 194)

Supreme Court

88

Charles E. Carpenter, Jr. and Deborah L. Harrison, Richardson, Plowden, Grier & Howser, P.A., Columbia, Wade E. Ballard and Roger G. Chandler, Edwards, Ballard, Bishop, Sturm, Clark & Keim, P.A., Spartanburg, and David H. Wilkins, Wilkins & Nelson, P.A., Greenville, for appellant.

Edwin C. Haskell, III, of Smith & Haskell, Spartanburg, A. Camden Lewis and Mary G. Lewis, Lewis, Babcock & Hawkins, Columbia, for respondent.

Heard May 3, 1994.

Decided July 5, 1994.

MOORE, Justice:

Respondent Harold Constant brought this defamation action against appellant Spartanburg Steel Products, Inc. (SS). The jury returned a verdict for respondent for $400,000.00 actual damages and $100,000.00 punitive damages. We affirm.

## FACTS

SS fired respondent for failing to cooperate in its investigation of a missing welding machine. After independent contractors Clarkson Brothers, Inc. (Clarkson) and Compleat Machines (Compleat) finished working at SS, as was common practice, a welding machine was left on site. At respondent's direction, the machine was picked up from SS by a Compleat employee. When SS realized the machine had been removed from its property, it began an investigation concerning the removal of the machine. SS asserted the machine belonged to Clarkson. Despite repeated assurances from Clarkson that it was not missing a welding machine, SS continued its investi-

gation during which it contacted the owner of Compleat and communicated respondent was a "thief" and had stolen the machine.

## ISSUES

1) Did the trial court err in denying SS's motion for a directed verdict on the ground of qualified privilege?

2) Did the trial court err in denying SS's motion for submitting interrogatories to the jury?

3) Did the trial court err in sequestering all of the witnesses?

4) Did the trial court err in allowing testimony of a lost job opportunity?

5) Did the trial court err in denying SS's motion for a new trial on the ground the verdict was excessive?

## DISCUSSION

1) Directed Verdict Motion

SS contends the trial judge erred in denying its motion for directed verdict. SS made the motion on the ground the communication was qualifiedly privileged. A communication made in good faith on any subject matter in which the person communicating has an interest or duty is qualifiedly privileged if made to a person with a corresponding interest or duty even though it contains matter which, without this privilege, would be actionable. *Prentiss v. Nationwide Mut. Ins. Co.*, 256 S.C. 141, 181 S.E. (2d) 325 (1971). The publisher must not wander beyond the scope of the occasion. *Woodward v. South Carolina Farm Bureau Ins. Co.*, 277 S.C. 29, 282 S.E. (2d) 599 (1981). One publishing under a qualified privilege is liable upon the proof of actual malice. Actual malice can mean the defendant acted recklessly or wantonly, or with conscious disregard of the plaintiff's rights. It is ordinarily for the jury to determine whether the privilege has been abused or exceeded. *Id.*

Here, SS continued its investigation and accused respondent of being a thief after learning Clarkson was not missing a welding machine. In fact, at trial Clarkson stated SS had repeatedly contacted it about a missing machine and refused to believe no machines were missing. A jury

could find SS acted recklessly or with conscious disregard for respondent's rights when SS accused respondent of stealing a machine when it had knowledge Clarkson was not missing a machine. We find there was evidence from which the jury could find malice and the trial judge did not err in denying SS's motion for a directed verdict.

2) Interrogatories

SS contends the trial judge erred in denying its motion to submit a special verdict. We disagree. Rule 49(b), SCRCP, states a trial judge may submit interrogatories to the jury. Whether a trial judge submits a special verdict or interrogatories is a matter of discretion. *Smoak v. Liebherr-America, Inc.*, 281 S.C. 420, 315 S.E. (2d) 116 (1984); *Love v. Oswald*, 272 S.C. 347, 251 S.E. (2d) 766 (1979). We hold the trial judge did not abuse his discretion.

3) Sequestration

SS contends the trial judge erred in requiring the sequestration of Maurice Salmon, the SS employee who headed the investigation and stated respondent was a thief. At trial SS moved to have the witnesses sequestered. The trial judge granted the motion. Later SS asked the court to exclude Salmon from the sequestration order. The trial judge refused but offered to lift the sequestration order or allow another person to be the corporate representative. SS refused.

Whether a witness should be exempted from a sequestration order is within the trial court's discretion. *State v. Sharpe*, 239 S.C. 258, 122 S.E. (2d) 622 (1961), *overruled on other grounds, State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991). SS argues excluding Salmon was equivalent to excluding a party. Salmon, however, was not a party. SS then argues Salmon was the corporate representative. At the time of trial, however, Salmon was no longer employed by SS and, therefore, was not a proper corporate representative. *Mississippi Rice Growers Ass'n v. Pigott*, 191 So. (2d) 399 (Miss. 1966) (no error in sequestrating witness when he could not represent the corporation because he was no longer an officer). We hold the trial judge did not abuse his discretion in declining to exempt Salmon from the sequestration order.

4) Admission of testimony

SS argues the trial court erred in allowing respondent ▉ to present testimony of a job he would have been offered if not for being fired from SS. Respondent presented evidence of a neighbor who ran a cleaning service and would have offered him a job paying $36,000/year, but did not because of the rumors that respondent was a thief. An expert also testified as to respondent's economic loss from not receiving this job offer. SS argues this testimony was too speculative and the only evidence upon which the jury could have based an award of damages. However, this is a slander *per se* action and general damages need not be proven by respondent. *Smith v. Phoenix Furniture Co.*, 339 F. Supp. 969 (D.S.C. 1972) (falsely accusing someone of a crime is slander *per se* and where slander *per se* is proven, damages are presumed). Further, the admission of evidence is within the discretion of the trial judge. Absent an abuse of this discretion, we will not reverse on appeal. *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1989). We find the trial judge did not abuse his discretion in admitting this testimony.

5) Excessive verdict

SS argues the verdict was so excessive the trial judge ▉ should have granted it a new trial. When the amount of a verdict is grossly excessive so as to be the result of passion, caprice, prejudice or some other influence outside of the evidence, the trial judge must grant a new trial absolute. If the trial court does not, on appeal, this Court should. *Easler v. Hejaz Temple*, 285 S.C. 348, 329 S.E. (2d) 753 (1985). Prior to his termination, respondent, who was fifty-three years old, had worked for SS for ten years and received health insurance and other benefits. At the time of trial, respondent had been unable to find a permanent full-time job with benefits. We do not find the verdict grossly excessive and therefore decline to grant a new trial.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.