486 S.E.2d 278

**Arthur STEELE, Appellant,**

v.

**Barbara Sue DILLARD, Respondent.**

**No. 2675.**

Court of Appeals of South Carolina.

Heard May 6, 1997.
Decided June 9, 1997.

---

Dana C. Mitchell, III, and Charles D. Hoskins, both of Mitchell, Bouton, Duggan, Yokel & Childs, Greer, for appellant.

H. Brent Fortson, of Clarkson, Fortson, Walsh & Rheney, Greenville, for respondent.

GOOLSBY, Judge:

This is an automobile wreck case. Barbara Sue Dillard's car rear-ended that of Arthur Steele. Steele sued Dillard, seeking damages for personal injuries, pain and suffering, and lost wages. The jury awarded Steele $6,662.88 in actual damages after the trial court granted Steele's motion for a directed verdict in his favor "on the issue of [Dillard's] liability" and left open the question of whether any negligence on Steele's part exceeded Dillard's. Steele appeals. The principal question on appeal concerns whether the trial court committed reversible error in not providing the jury with a special verdict form on the question of Steele's own alleged negligence. We affirm.

At trial, Dillard and Steele differed about how the collision occurred. Dillard disputed Steele's claim that Steele did not stop suddenly. Dillard also challenged Steele's demand for damages by contesting his claim for lost wages and by pointing to an earlier accident in which Steele had been involved and had suffered personal injuries similar, if not identical, to those alleged in this case.

Before the trial court allowed the jury to begin deliberations, Steele asked the trial court, pursuant to Rule 49(a), SCRCP, to require the jury to return a special verdict in the form of special written findings regarding the degree, if any, of "contributory [sic] negligence" on Steele's part. The trial court refused. After the jury rendered its verdict, Steele requested the trial court to examine the jurors under oath regarding whether they found "contributory [sic] negligence and, if so, then [by] what percentage." The trial court also refused this request.

In a case like this, we think the better practice for the trial court would have been to require the jury to return a special verdict in the form of special written findings on the issue of whether Steele was himself negligent and, if he was so, on the issue of the extent of Steele's negligence, especially because the trial court had directed a verdict on the question of Dillard's liability. Without these findings, a comprehensive review of the jury's verdict is undeniably more difficult. We cannot tell whether the jury found Steele also negligent and then offset his damages by some percentage, whether it found

Steele free of negligence but disagreed with his evidence as to his damages, or whether it found Steele also negligent and disagreed with his evidence as to his damages. In brief, appellate review cannot be readily had here because we cannot discern the precise basis of the jury's determination. *Lawrence v. Florida East Coast Ry.*, 346 So.2d 1012 (Fla.1977); *Russo v. Jess R. Rifkin, D.D.S., P.C.*, 113 A.D.2d 570, 497 N.Y.S.2d 41 (1985); William L. Prosser, *Comparative Negligence*, 51 MICH.L.REV. 465 (1953); *see Roundtree Villas Ass'n v. 4701 Kings Corp.*, 282 S.C. 415, 423, 321 S.E.2d 46, 51 (1984) (wherein the supreme court discouraged the use of general verdicts, stating "it would be helpful in the administration of justice, particularly on appeal, if the trial court would require the jury to enunciate more distinctly the basis of its verdict").

Having said that, the question of whether to require a jury to return a special verdict is one committed to the discretion of the trial court. *See* Rule 49(a), SCRCP ("The court *may* require a jury to return only a special verdict in the form of a special written finding upon each issue of fact.") (emphasis added); *Butler v. Gamma Nu Chapter of Sigma Chi*, 314 S.C. 477, 483, 445 S.E.2d 468, 471 (Ct.App.1994) ("The question of whether to grant a party's request for a special verdict form is a matter committed to the sound discretion of the trial court."); 9 MOORE'S FEDERAL PRACTICE 3D § 49.11[2][a], at 49–16 (1997) ("Rule 49 is a rule of discretionary implementation, solely in the control of the trial judge. No party has a right to the use of a special verdict."). Although appellate review of the issues on appeal has been made more difficult by the trial court's failure to require a special verdict, Steele, as the objecting party, has not demonstrated, as he was required to do, any prejudice. *See* 5A C.J.S. *Appeal & Error* § 1762(b), at 1136 (1958) ("Error in the refusal to submit special interrogatories or special issues to the jury will constitute ground for reversal only if prejudice results to the complaining party.").

As we view the record, the evidence sustains the verdict, irrespective of how the jury may have arrived at it.

■ Regarding the issue of Steele's damages, even if we accept Steele's argument that the evidence shows he had at

least $8,000.62 in uncontradicted damages, the jury was simply not required to believe that evidence. *See Black v. Hodge,* 306 S.C. 196, 198, 410 S.E.2d 595, 596 (Ct.App.1991) (a trier of fact must not always believe uncontradicted testimony because "[t]here remains the question of the inherent probability of the testimony and the credibility of the witness or the interests of the witness in the result of the litigation").

Moreover, and as we indicated above, Steele's damages were not uncontested. There was evidence that Steele was involved in a previous accident that resulted in injuries similar to those that he claimed he sustained as a result of the accident in this case. Dillard disputed Steele's lost-wages claim by showing Steele could have performed other jobs for his employer but never asked to be allowed to do them. Further, Steele's personnel file showed his employer fired him because he failed to follow company policy regarding notification to the company of his reason for not returning to work.

██ Regarding the issue of Steele's own negligence, the jury could have found Steele was also negligent. Dillard testified she was not going fast and Steele stopped so abruptly there was nothing she could do to prevent the accident. The jury could have therefore found Steele was also negligent because he suddenly stopped his vehicle.

In sum, the record provides adequate support for the jury's award because it could have found (1) Steele negligent and then offset his damages by some percentage; (2) Steele free of negligence but disagreed with his evidence as to his damages; or (3) Steele negligent and disagreed with his evidence as to his damages. Because Steele has failed to show any resulting prejudice, we conclude the trial court did not abuse its discretion in refusing to submit special verdict forms to the jury.

██ Steele also attacks the trial court's submission of the issue of Steele's own negligence to the jury. As we read the record, this issue is not properly before us, first because Steele's directed verdict motion raised the broader issue of "liability" and not the more specific issue of Steele's own negligence and second because Steele apparently withdrew the issue of Steele's "contributory [sic] negligence" from further consideration when, following the trial court's charge to the jury, his counsel stated, "Your Honor, I want to *remove* the

earlier objection before you allowing ... the issue of contributory [sic] negligence to go to the jury...." (emphasis added). *See* Rule 50(a), SCRCP ("A motion for a directed verdict shall state the specific grounds therefor."); *Connolly v. People's Life Ins. Co. of S.C.*, 299 S.C. 348, 384 S.E.2d 738 (1989) (the court of appeals is not to address any issue not specifically raised to the trial court); *Marsh v. S.C. Dep't of Highways and Pub. Transp.*, 298 S.C. 420, 380 S.E.2d 867 (Ct.App.1989) (a motion for a judgment notwithstanding the verdict is limited to the grounds stated in the motion for a directed verdict and where the defendant's motion for a directed verdict did not specify the defense of assumption of the risk as a ground therefor, the court of appeals could not address the issue); *Zant v. Moon*, 264 Ga. 93, 440 S.E.2d 657, 659 (1994) ("One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled upon by the trial court."); *cf. Stratton v. U.S. Bulk Carriers, Inc.*, 3 Wash.App. 790, 478 P.2d 253 (1970) (wherein the court sustained a judgment in favor of the plaintiff for injuries where the record showed an implied waiver of proof on an issue otherwise in contest).

■ We disagree with Steele's final contention that the trial court erred in denying his post-trial motions. Steele moved for a judgment notwithstanding the verdict, new trial *nisi additur* or a new trial absolute on the grounds that the jury's verdict was grossly inadequate.

Although the evidence indicates the jury could have awarded a verdict larger than $6,662.88, there is evidence in the record, as mentioned above, that supports the amount that the jury did award, irrespective of the manner in which it may have calculated its award. Thus, the jury's verdict was neither so grossly inadequate that it shows the jury disregarded the facts or the trial court's instructions nor was the verdict so shockingly disproportionate compared to the injuries Steele sustained as to show that some influence outside the evidence swayed the jury's decision. *See O'Neal v. Bowles*, 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993) (if the amount of the jury's verdict is either grossly inadequate or excessive "so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute"); *Craven v. Cunningham*, 292 S.C. 441, 357

S.E.2d 23 (1987) (the trial court's decision not to grant a new trial *nisi* will not be disturbed unless the amount of a verdict is either so grossly excessive or inadequate that it must be deemed the result of the jury's disregard of the relevant facts and the trial court's instructions); *Easler v. Hejaz Temple*, 285 S.C. 348, 329 S.E.2d 753 (1985) (the denial of a motion for a new trial *nisi* is within the trial court's discretion and will not be disturbed on appeal absent an abuse of discretion); *Kalchthaler v. Workman*, 316 S.C. 499, 503, 450 S.E.2d 621, 623 (Ct.App.1994) (the trial court should not order a new trial absolute where the verdict is "not so shockingly disproportionate to the injuries ... sustained as to indicate ... some other influence outside the evidence motivated the jury's decision").

**AFFIRMED.**

HOWELL, C.J., concurs.

ANDERSON, J., concurs in separate opinion.

ANDERSON, Judge (concurring in result only in a separate opinion):

I disagree with the analysis by the majority in regard to the law in South Carolina on verdict forms in comparative negligence cases.

The evidentiary record is not complicated. In fact, it is the prototypical comparative negligence case tried involving only two parties.[1]

## *RULE 49*

The efficacy or consequence of "jury verdict forms" for comparative negligence cases in a trial setting is novel in South Carolina.

---

1. *See, e.g.,* more complicated cases: (1) one plaintiff v. multiple defendants—no counterclaim; (2) one plaintiff v. one defendant—with counterclaim; (3) one plaintiff v. multiple defendants—with counterclaim; (4) one plaintiff v. one defendant from private sector and a governmental entity; (5) one plaintiff v. multiple defendants—with counterclaim and cross-claim; and (6) one plaintiff v. any number of defendants involving multiple theories such as comparative negligence, strict liability, and warranty.

It is apodictic that Rule 49, SCRCP, controls in regard to verdict forms submitted to the jury. Rule 49(a) provides:

(a) Special Verdicts. The court *may* require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court *may* submit to the jury written questions susceptible of categorical or other brief answer or *may* submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it *may* use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. (emphasis added).

In a plethora of factual scenarios, our Supreme Court has articulated with exactitude the rule.

In *Baxley v. Rosenblum*, 303 S.C. 340, 400 S.E.2d 502 (Ct.App.1991), this Court enunciated:

As part of his general supervisory authority over the conduct of litigation, the trial judge is given discretion to determine how the case will be submitted to the jury. Rule 49, SCRCP; *Harper v. Ethridge*, 290 S.C. 112, 348 S.E.2d 374 (Ct.App.1986). In this case, the trial judge determined that Baxley's three "causes of action" constituted particular specifications of negligence flowing from a single course of diagnosis and treatment. The separate elements of damage alleged also arose from a common course of events relating to all three claims, as Baxley's own pleadings and arguments demonstrate. On this basis, the judge decided, correctly in our opinion, to submit the case for a general verdict. The general verdict form allowed the jury to return a verdict for Baxley if it found any one of his claims to be well founded. In any event, the judge's decision was well within his discretion.

*Baxley*, 303 S.C. at 349–50, 400 S.E.2d at 508.

In *Harold Tyner Dev. Builders, Inc. v. Firstmark Dev. Corp.*, 311 S.C. 447, 429 S.E.2d 819 (Ct.App.1993), this Court further explicated:

Firstmark asserts the trial court erred in refusing its request for a special verdict form. The question of whether to grant a party's request for a special verdict form is a matter committed to the sound discretion of the trial court and we find no abuse of discretion here. *See* Rule 49(a), SCRCP ("The court may require a jury to return only a special verdict. . . ." (emphasis added)); *Gamble v. Stevenson*, 305 S.C. 104, 107, 406 S.E.2d 350, 352 (1991) ("[T]he determination as to whether special verdict forms should be submitted to the jury is within the sound discretion of the trial judge."). Again, as we discuss below, it is clear which cause of action the jury based its verdict upon.

*Harold Tyner Dev. Bldrs.*, 311 S.C. at 452, 429 S.E.2d at 822–23.

In *Butler v. Gamma Nu Chapter of Sigma Chi*, 314 S.C. 477, 445 S.E.2d 468 (Ct.App.1994), we held:

Finally, Gamma Nu Chapter and Sigma Chi argue the trial court erred in denying their motion to submit to the jury either a special verdict form or general verdict forms with written interrogatories.

The question of whether to grant a party's request for a special verdict form is a matter committed to the sound discretion of the trial court. Rule 49(a), SCRCP; *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (1991); *Harold Tyner Dev. Builders, Inc. v. Firstmark Dev. Corp.*, [311] S.C. [447], 429 S.E.2d 819 (Ct.App.1993). The same is true regarding the question of whether to submit to the jury written interrogatories with general verdict forms. *See* Rule 49(b), SCRCP ("The court *may* submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict.") (emphasis added).

*Butler*, 314 S.C. at 483, 445 S.E.2d at 471–72.

Our Supreme Court addressed the issue in *Constant v. Spartanburg Steel Prods., Inc.*, 316 S.C. 86, 447 S.E.2d 194 (1994):

SS contends the trial judge erred in denying its motion to submit a special verdict. We disagree. Rule 49(b), SCRCP, states a trial judge may submit interrogatories to

the jury. Whether a trial judge submits a special verdict or interrogatories is a matter of discretion. *Smoak v. Lieherr–America, Inc.*, 281 S.C. 420, 315 S.E.2d 116 (1984); *Love v. Oswald*, 272 S.C. 347, 251 S.E.2d 766 (1979). We hold the trial judge did not abuse his discretion.

*Constant*, 316 S.C. at 90, 447 S.E.2d at 196.

The absence of a statute in South Carolina gives credence to the idea we do not have a bright line rule mandating special verdict forms. Clearly, the establishment of a mandatory rule requiring the usage of special verdict forms in comparative negligence cases is violative of the language and spirit of Rule 49 and prior precedent. Additionally, the formulation of such a rule is especially egregious in its impact.

## SPECIAL VERDICTS AND INTERROGATORIES IN OTHER JURISDICTIONS [2]

Some jurisdictions require the use of special verdicts or interrogatories to the jury in all comparative negligence cases, either by statute,[3] court rule,[4] or decision.[5] Section 2(a) of the Uniform Comparative Fault Act requires interrogatories and special verdicts unless all parties agree on a general verdict. Courts that follow the uniform act in administering a judge-

---

**2.** *See generally* 57B Am.Jur.2d *Negligence* §§ 1285–1751 (1989).

**3.** *See, e.g.,* Alaska Stat. § 09.17.080(a) (Supp.1996); Ariz.Rev.Stat.Ann. § 12–2506 (1987 & Supp.1997); Colo.Rev.Stat. § 13–21–111(2) (1989 & Supp.1996); Conn.Gen.Stat. § 52–572h(f) (1991 & Supp.1997); Haw.Rev.Stat. § 663–31(b) (Supp.1996); Ind.Code § 34–4–33–5 (Supp. 1997); Iowa Code § 668.3 (1987 & Supp.1996); Kan.Stat.Ann. § 60–258a(b) (Supp.1995); Ky.Rev.Stat.Ann. § 411.182(1) (Baldwin 1988 & Supp.1996); Nev.Rev.Stat. § 41.141(2)(b) (Supp.1995); N.J.Rev.Stat. § 2A:15–5.2 (1987 & Supp.1997); Ohio Rev.Code Ann. § 2315.19(B) (Baldwin Supp.1996); Wash.Rev.Code § 4.22.070 (1988 & Supp.1996); Wis.Stat. § 805.12 (1994 & Supp.1995); Wyo.Stat. § 1–1–109(c) (Supp. 1996).

**4.** *See, e.g.,* New Mexico Supreme Court Order No. 8000, Misc. (March 30, 1981); Tex.R.Civ.P.Ann. r. 277 (West 1997).

**5.** *See, e.g., Lawrence v. Florida East Coast Ry.*, 346 So.2d 1012 (Fla. 1977) ("We hold that special verdicts shall be required in all jury trials involving comparative negligence."); *Placek v. City of Sterling Heights*, 405 Mich. 638, 275 N.W.2d 511 (1979).

made rule of comparative fault [6] will presumably require interrogatories. A number of states make interrogatories mandatory when requested by any party.[7]

Mississippi practice does not permit special verdicts or interrogatories. In *Flournoy v. Brown, 200 Miss. 171,* 26 So.2d 351 (1946), the Mississippi Supreme Court held only general verdicts were authorized. The statutes of New Hampshire,[8] Vermont,[9] and Illinois [10] specifically provide for general verdicts. The Maine statute [11] mandates a general verdict between a plaintiff and defendant on total dollar damages of the plaintiff and then a dollar amount reflecting damages after reduction because of the plaintiff's fault. The lesser figure is the final verdict in the case on which judgment is entered. In Maine, special verdicts may be requested by any defendant to allocate responsibility between multi-defendants. The Pennsylvania Comparative Negligence Act [12] provides for general verdicts.

In other jurisdictions, the submission of the case on a general verdict, on interrogatories, or on a special verdict remains in the discretion of the trial judge.[13] Rule 49 of the

---

6. Such as Missouri, as stated in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983).

7. *See, e.g.,* Idaho Code § 6–802 (Supp.1996); Minn.Stat. § 604.01(1) (1988 & Supp.1996); N.D.Cent.Code § 32–03.2–02 (1987 & Supp. 1995); Or.Rev.Stat. § 18.480(1) (Supp.1995); Utah Code Ann. § 78–27–39 (1994).

8. N.H.Rev.Stat.Ann. § 507:7–e(II) (Supp.1995).

9. Vt.Stat.Ann. tit. 12, § 1036 (1973 & Supp.1995).

10. Ill.Rev.Stat. ch. 735 para. 5/2–1108 (1992 & Supp.1997).

11. Me.Rev.Stat.Ann. tit. 14, § 156 (West 1980 & Supp.1996).

12. 42 Pa.Cons.Stat. § 7102 (Supp.1997).

13. *See, e.g.,* Ga.Code Ann. § 9–11–49 (Supp.1996); Neb.Rev.Stat. § 25–1121 (Supp.1996); S.D. Codified Laws Ann. § 15–6–49 (Supp.1996); Rule 49, Ark.R.Civ.Pro.; Rule 49, Del.R.Civ.Pro.; La.Code Civ.Proc. Ann. art. 1812 (West 1990 & Supp.1996); Rule 49, Mass.R.Civ.Pro.; Rule 49, Mont.R.Civ.Pro.; Rule 49, R.I.R.Civ.Pro.; Rule 49, W.Va. R.Civ.Pro.; *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975) (interrogatories and special verdicts suggested, but

Federal Rules of Civil Procedure allowing special verdicts and general verdicts accompanied by answers to interrogatories are also discretionary with the court.

Alabama, the District of Columbia, Maryland, North Carolina, and Virginia do not recognize the doctrine of comparative negligence.

Succinctly put, South Carolina places authority and discretion with the trial court in the area of verdict forms.

## CONCLUSION

Indubitably, procedural control in reference to the use of verdict forms in comparative negligence cases must be entrusted to circuit judges. The exercise of discretion as to verdict forms in comparative negligence cases on a *case by case basis by a trial judge* is efficacious and salutary.

A decision as to the form of verdicts to be used in a specific case, albeit comparative negligence, should be left to the sagacity of the trial judge. In the name of general appellate supervision, the majority concludes "[t]he better practice for the trial court would have been to require the jury to return a special verdict in the form of special written findings on the issue of whether Steele was himself negligent and, if he was so, on the issue of the extent of Steele's negligence...." I adamantly disagree with this decision and conclude that no reason existed in the record to require the trial court in the case *sub judice* to use a special verdict form. This trial record epitomizes simplicity in the hierarchy of comparative negligence cases. There is nothing complicated about this jury verdict. The trial court used the best practice in a simplistic case involving comparative negligence. No reason, legal or factual, exists in this trial record to support the recommendation by the majority in reference to a "better practice." *Implementation of the "better practice recommendation" of the majority effectually mandates the use of special verdict*

general verdict permitted); *Alvis v. Ribar,* 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981) (suggested special verdicts and special interrogatories may be useful in comparative negligence cases, but did not prohibit use of general verdicts); Oklahoma, *see* 57B AM.JUR.2D *Negligence* § 1624 (1989).

*forms in every comparative negligence trial. This result wreaks havoc in comparative negligence law.*

Notwithstanding the rule in some jurisdictions, South Carolina should maintain the pristine rule enunciated in *Baxley v. Rosenblum,* 303 S.C. 340, 400 S.E.2d 502 (Ct.App.1991); *Harold Tyner Dev. Builders, Inc. v. Firstmark Dev. Corp.,* 311 S.C. 447, 429 S.E.2d 819 (Ct.App.1993); *Butler v. Gamma Nu Chapter of Sigma Chi,* 314 S.C. 477, 445 S.E.2d 468 (Ct.App. 1994); and *Constant v. Spartanburg Steel Prods., Inc.,* 316 S.C. 86, 447 S.E.2d 194 (1994).