THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas E.
 Redmond and Arrow Bail Bonding, Inc., Respondents,
 
 
 

v.

 
 
 
 E-Z Out Bail
 Bonds, Inc., Appellant.
 
 
 

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No.  2012-UP-145  
 Submitted February 1, 2012  Filed March
7, 2012

AFFIRMED

 
 
 
 Andrew F. Litvin, of Columbia, for
 Appellant.
 J. Thomas McBratney, III, of Florence, for
 Respondents.
 
 
 

PER CURIAM: E-Z Out Bail Bonds, Inc. (E-Z Out) appeals the jury's damages award of
 $220,397.24 to Thomas E. Redmond and Arrow Bail Bonding, Inc. (collectively
 Arrow Bail Bonding).  On appeal, E-Z Out argues the trial court erred in
 denying its motions for judgment notwithstanding the verdict (JNOV) and a new
 trial.  Because E-Z Out did not provide this court with an adequate record to
 consider these arguments, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 210(h),
 SCACR ("[T]he appellate court will not consider any fact which does not
 appear in the Record on Appeal."); McCall v.
 IKON, 380 S.C. 649, 663, 670 S.E.2d
 695, 703 (Ct. App. 2008) (finding the appellant "bears the burden of providing
 this court with a record sufficient to allow appellate review"); In re
 McCracken, 346 S.C. 87, 93, 551 S.E.2d 235, 238 (2001) ("[O]nly
 grounds raised in the directed verdict motion may properly be reasserted in the
 [JNOV] motion. . . ."); Marsh v S.C. Dep't of Highways & Pub.
 Transp., 298 S.C. 420, 423, 380 S.E.2d 867, 869 (Ct. App. 1989) (holding an
 alternative motion for new trial that mirrors a JNOV motion is limited to the
 grounds stated in the motion for directed verdict); Peay v Ross, 292
 S.C. 535, 537, 357 S.E.2d 482, 483-84 (Ct. App. 1987) ("[A] motion for a
 directed verdict is a prerequisite to a motion for a new trial on the ground
 that the evidence does not support the verdict."). 
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.
[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.